UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KYLE CLARK                                                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:25-CV-401-JHM

JEFFERSON COUNTY, KENTUCKY *et al.*                                            DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Kyle Clark initiated this *pro se* 42 U.S.C. § 1983 civil-rights action.  Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2).  For the following reasons, the action will be dismissed.

**I.**

Plaintiff sues Jefferson County, Kentucky (hereinafter "Jefferson County"); the Louisville Metro Department of Corrections (hereinafter "LMDC"); and the Commonwealth of Kentucky. Plaintiff alleges that he appeared in Jefferson County Family Court for a "child support enforcement matter" and that, based upon a false statement by his former spouse, the family court judge ordered that he be jailed for contempt.  Plaintiff also alleges that the judge never appointed him a public defender.  He further states that although the judge initially approved home incarceration, because he resided in Christian County, he was instead ordered to be held at LMDC from May 10, 2024, until July 1, 2024.  Plaintiff states that while he was incarcerated at LMDC, he was "denied access to all forms despite repeated requests."  Plaintiff indicates that he was ultimately transferred to Wayside Christian Mission where he "was finally released on July 8, 2024, after borrowing money to purge contempt."  Plaintiff states that his wrongful incarceration caused him to suffer severe financial distress, unemployment, anxiety, panic attacks, PTSD, and reputational harm.

Based upon these allegations, Plaintiff claims that the Jefferson County Family Court violated his procedural due process rights under the Fourteenth Amendment when the judge jailed him without appointed counsel and "ignored" his contention that his failure to pay child support was not willful.  He also claims that LMDC officials violated his First Amendment right to access the courts when they failed to provide him forms to challenge his incarceration.  Finally, Plaintiff claims that both the Jefferson County Family Court and LMDC subjected him to wrongful imprisonment.

As relief for these alleged violations of his constitutional rights, Plaintiff seeks damages.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Moreover, although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendant Commonwealth of Kentucky/Jefferson County Family Court

The Court construes Plaintiff's claims against the Jefferson County Family Court as claims against the Commonwealth of Kentucky.[1] A state, its agencies, and its officials are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Thus, Plaintiff's claims against the Commonwealth of Kentucky/Jefferson County Family Court must be dismissed for failure to state a claim upon which relief may be granted.

---

[1] The Kentucky courts are a constitutional arm of government. *See* Ky. Const. § 109 ("The judicial power of the Commonwealth shall be vested exclusively in one Court of Justice which shall be divided into a Supreme Court, a Court of Appeals, a trial court of general jurisdiction known as the Circuit Court and a trial court of limited jurisdiction known as the District Court. The court shall constitute a unified judicial system for operation and administration.").

### B. Defendants Jefferson County/LMDC/LMG

The Court construes Plaintiff's claims against Jefferson County as against the Jefferson County/Louisville Metro Government, also known as the Louisville Metro Government ("LMG"). *See, e.g.*, *St. Matthews Fire Prot. Dist. v. Aubrey,* 304 S.W.3d 56, 60 (Ky. Ct. App. 2009) (stating that "Jefferson County and the City of Louisville have merged to form the [LMG]").   In addition, because jails, such as LMDC, are not "persons" subject to suit under § 1983, *see Marbry v. Corr. Med. Servs.,* No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983), Plaintiff's claims against it are properly construed as claims against the LMG.  *See, e.g.*, *Payne v. Louisville Metro Dep't of Corr.*, No. 3:14-CV-P600-R, 2014 U.S. Dist. LEXIS 150473, at *10 (W.D. Ky. Oct. 21, 2014) ("LMDC is not a 'person' subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983 . . . [LMG] is the proper defendant," as it is "a 'person' for purposes of § 1983.") (citing *Marbry*, 2000 U.S. App. LEXIS 28072, at *2).

Thus, the Court construes the complaint as asserting two claims against the LMG - a First Amendment claim for denial of access to the courts based upon Plaintiff's allegations that he was denied access to forms to petition the family court while incarcerated at LMDC and a false imprisonment claim based upon LMDC's incarceration of him pursuant to what Plaintiff seems to argue was an invalid conviction and court order.

When a § 1983 claim is made against a county or municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal

or county policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that his constitutional rights were violated due to a custom or policy of the LMG. He alleges isolated incidents at LMDC affecting him only. Thus, Plaintiff's claims against the LMG must also be dismissed for failure to state a claim upon which relief may be granted.[2]

## IV.

The Court will enter a separate Order dismissing this action for the reason set forth herein.

Date: October 8, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.011

---

[2] It is also evident that LMG/LMDC officials were not the moving force behind Plaintiff's allegedly false imprisonment because Plaintiff himself indicates that the family court judge had ordered that he be jailed for contempt. *See, e.g., Cushman v. Monroe Cnty.*, No. 1:20-CV-00004-GNS-HBB, 2022 U.S. Dist. LEXIS 58261, at *13-14 (W.D. Ky. Mar. 30, 2022) (holding county was not the moving force behind the plaintiff's claim that he should have been released sooner because county jail officials were acting pursuant to a court order).